[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-15069
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 30, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00448-CV-BH

CORA ARMSTRONG,
SADIE SIMS,
KINNIE SIMPSON,

Plaintiffs-Appellants,

versus

STANDARD FURNITURE,
THOMAS CASKEY,
EDDIE DENSON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(August 30, 2006)**

Before TJOFLAT, ANDERSON and CARNES, Circuit Judges.

PER CURIAM:

Appellants, Cora Armstrong, Sadie Sims, and Kinnie Simpson, challenge the district court's grant of summary judgment to Appellee Standard Furniture on their Title VII claims for hostile work environment. They also appeal the district court's grant of summary judgment to Appellees Standard Furniture, Thomas Caskey, and Eddie Denson on plaintiffs' Alabama tort law claims. For the reasons set forth below, we affirm the district court on the Title VII claim and the tort law claims against Standard Furniture. We also affirm the district court's grant of summary judgment to Caskey on all tort law claims. We affirm the grant of summary judgment to Denson on the plaintiffs' claims of outrage. However, we reverse the district court's grant of summary judgment to Denson with respect to Armstrong's and Sims's invasion of privacy claims and Armstrong's assault-and-battery claim.

I.

The district court concluded that none of the plaintiffs could establish the existence of a hostile work environment. We need not decide this issue, because, even assuming arguendo that Standard Furniture was a hostile work environment, the plaintiffs will not prevail. When a plaintiff has established a hostile work environment based on a supervisor's actions, the defendant employer can put forth an affirmative defense to avoid liability. To prevail on its affirmative defense, Standard Furniture must demonstrate: "(a) that it took reasonable steps both to

2

prevent sexual harassment and to remedy the sexually harassing conduct promptly once it was brought to the employer's attention, and (b) that the victimized employee unreasonably failed to avoid harm or utilize any remedial opportunities made available by the employer." Dees v. Johnson Controls World Servs., Inc., 168 F.3d 417, 422 (11th Cir. 1999).

The first prong of the test looks to whether the employer took reasonable steps to prevent sexual harassment. Usually, although not necessarily, the employer will show that it had an established anti-harassment policy. The parties do not dispute that Standard Furniture had an anti-harassment policy. However, the existence of a sexual harassment policy does not automatically satisfy an employer's burden. Frederick v. Sprint/United Mgmt. Co., 246 F.3d 1305, 1314 (11th Cir. 2001); Faragher v. City of Boca Raton, 524 U.S. 775, 808, 118 S.Ct. 2275, 2293, 141 L.E.2d 662 (denying an employer the affirmative defense where it had entirely failed to disseminate its anti-harassment policy among its employees). Standard Furniture also must prove that the policy was effectively published, that it contained reasonable complaint procedures, and that it contained no other fatal defect. Frederick, 246 F.3d at 1314. This Circuit has required an employer's policy to permit employees to bypass harassing supervisors. See Walton v. Johnson & Johnson Servs., Inc., 347 F.3d 1272, 1287 (11th Cir. 2003); Madray v. Publix

Supermarkets, Inc., 208 F.3d 1290, 1299 (11th Cir. 2000).

All three plaintiffs admit that they had received copies of Standard Furniture's anti-harassment policy and knew how to report harassment. All the plaintiffs attended EEO/Anti-Harassment classes on more than one occasion. Nonetheless, they failed to avail themselves of Standard Furniture's anti-harassment policy. When the plaintiffs finally did report harassment, the harassment ceased, which suggests a functioning anti-harassment policy.

A. Sadie Sims.

In July of 2003, Sims complained to her supervisor, Derrick Bishop about harassment by Thomas Caskey. Bishop reported the charge to Josh Rudd, the Human Resources Manager. Rudd then spoke to Sims about Caskey. Sims never mentioned any harassment by Denson to Rudd. Sims acknowledged that she had no problems with Caskey or Denson after her conversation with Rudd. Sims claims that she did not report Denson's harassment because she did not trust Rudd because he allowed Denson to continue working despite allegations of harassment in a previous lawsuit. Rudd, however, investigated Sims's claims against Caskey and she admits that all harassment ceased after his investigation. Therefore, Sims has presented no evidence that creates an issue of material fact as to whether Standard Furniture's harassment policy was ineffective. Her failure to report harassment

4

under the policy was unreasonable.

B. Cora Armstrong.

Armstrong never initiated contact with Rudd about harassment. Rather, Rudd contacted her in July, 2003 when he was investigating Sadie Sims's claims against Caskey. Armstrong complained to Rudd about harassment by Caskey. Armstrong admits that Caskey did not harass her after that time. Later, in May 2004, Rudd asked Armstrong how things were going. Armstrong told Rudd that another employee had told Armstrong that Denson had licked his lips suggestively while looking at Armstrong. Armstrong did not complain to Rudd about any other aspect of Denson's behavior, although she now claims that his harassment of her was extreme. Rudd followed up on the complaint about Denson by asking the other employee, Simpson, about the incident in which Denson licked his lips. Simpson reported that Denson had licked his lips because they were dry and that she saw no sexual conduct in the act.

Armstrong never complained to Rudd, or any other supervisor at Standard Furniture, about Denson's harassment. Armstrong claims that she did not report Denson's harassment because she believed her employment would be terminated for complaining. However, Armstrong has pointed to no evidence to support this belief. She has pointed to no other employee who suffered an adverse employment

action for reporting harassment. She asserts that Denson had the power to fire her, but offers no evidence that she would be fired if she reported Denson's behavior to Rudd. This Circuit has held that "absent a credible threat of retaliation . . . [the employee's] subjective fears of reprisal do not excuse her failure to report [her supervisor's] alleged harassment." Walton v. Johnson & Johnson Servs., Inc., 347 F.3d 1272, 1290-91 (11th Cir. 2003).

C. Kinnie Simpson.

Simpson has not claimed that she was harassed by anyone at Standard Furniture. Rather, she claims to be a "witness" to support Armstrong's claims of harassment. Therefore, her Title VII claim fails. Moreover, even assuming arguendo a hostile work environment, Simpson failed to take advantage of Standard Furniture's anti-harassment policy. She never complained to anyone about harassment directed at her. Further, the evidence establishes that her failure to report harassment was unreasonable. Rudd investigated all complaints made by the other plaintiffs and they agree that harassment ceased after their complaints. Simpson has pointed to nothing that would excuse her duty to report harassment under Standard Furniture's policy.

II.

The plaintiffs allege a variety of Alabama tort claims against Caskey,

6

Denson, and Standard Furniture. We affirm the district court's grant of summary judgment to Standard Furniture and Caskey on all claims. We affirm the grant of summary judgment to Denson with respect to the plaintiffs' claims for outrage.[1] We reverse the grant of summary judgment with respect to Armstrong's and Sims's invasion of privacy claims against Denson, and Armstrong's claim for assault-and-battery.

## A. Invasion of Privacy

Plaintiffs Armstrong and Sims assert a claim for invasion of privacy against Denson, Caskey, and Standard Furniture. Under Alabama law, there are four wrongs that can constitute invasion of privacy: "(1) the intrusion upon the plaintiff's physical solitude or seclusion; (2) publicity which violates the ordinary decencies; (3) putting the plaintiff in a false but not necessarily defamatory position in the public eye; and (4) the appropriation of some element of the plaintiff's personality for a commercial use." Phillips v. Smalley Maintenance Servs., Inc., 435 So.2d 705, 708 (Ala. 1983). Sims and Armstrong assert that the defendants intruded upon their physical solitude.

The district court held that Denson and Caskey did not intrude upon the

---

[1] We conclude that none of the plaintiffs can establish that Denson or Caskey is liable for the tort of outrage. Therefore, Standard Furniture also is not liable for outrage.

plaintiffs' solitude because they did not seek information about the plaintiffs' personal lives. However, the Alabama Supreme Court has held that severe sexual harassment can be an invasion of privacy. See Busby v. Truswal Sys. Corp., 551 So. 2d 322, 324 (Ala. 1989). Accepting Armstrong's and Sims's deposition testimony as true, a jury could find that Denson invaded the plaintiffs' privacy. According to Armstrong, Denson regularly (1) made sexual comments in the workplace; (2) stated "daily" that he wanted to have sex with Armstrong; (3) groped Armstrong while she was working; and (4) regularly inquired whether Armstrong was menstruating because he wanted some "cat." Sims testified that Denson would (1) constantly talk about sex; (2) regularly brush up against her; (3) comment about her legs; and (4) come up to Sims "licking his tongue out" at her. A jury could find that Denson intruded upon Armstrong's and Sims's sex lives in an offensive manner and, therefore, invaded their right to privacy.

The plaintiffs, however, have not made out a case for invasion of privacy against Caskey. Armstrong testified that Caskey: (1) once stated that he would handcuff her to a bed; and (2) once commented on her underwear when it was visible. Sims testified that Caskey: (1) asked Sims out after work; (2) asked Sims to give him Spanish lessons; and (3) asked Sims to join a church volleyball team. These claims do not rise to the level of an invasion of privacy.

8

The plaintiffs also have not shown that Standard Furniture could be held liable for Denson's conduct. Under Alabama law, an employer is liable for the intentional torts of its employees only if "(1) the employee's acts are committed in furtherance of the business of the employer; (2) the employee's acts are within the line and scope of his employment; or (3) the employer participated in, authorized, or ratified the tortious acts." Ex Parte Atmore Community Hosp. v. Hayes, 719 So.2d 1190, 1194 (Ala. 1998). Plaintiffs argue that Standard Furniture ratified Denson's conduct. An employer ratifies conduct when the employer "(1) had actual knowledge of the tortious conduct of the offending employee and the tortious conduct was directed at and visited upon the complaining employee; (2) that based upon his knowledge, the employer knew or should have known that such conduct constituted sexual harassment and/or a continuing tort; and (3) that the employer failed to take 'adequate' steps to remedy the situation." Potts v. BE & K Constr. Co., 604 So.2d 398, 400 (Ala. 1992).

For the reasons we explained in our discussion of the Title VII claims, we hold that Standard Furniture did not ratify any harassing conduct. Standard Furniture had no knowledge of harassment by Denson. Once informed of the charges against Caskey, Standard Furniture investigated the situation and all harassment ceased. See Ex Parte Atmore Community Hosp., 719 So. 2d at 1195

("[W]here the specific tortious conducts stops after corrective action by the employer, this Court has held that the corrective action is adequate as a matter of law."). Standard Furniture had a functioning, publicized anti-harassment policy of which plaintiffs were aware. Plaintiffs failed to avail themselves of that policy and, consequently, Standard Furniture is not liable for the alleged harassment by Denson or Caskey.[2]

### B. Assault-and-Battery

Armstrong asserts that Denson has committed assault-and-battery because Denson groped her in the workplace in an unwelcome manner. In an assault-and-battery action a plaintiff must prove "(1) that the defendant touched the plaintiff; (2) that the defendant intended to touch the plaintiff; and (3) that the touching was conducted in a harmful or offensive manner." Harper v. Winston County, 892 So.2d 346, 353 (Ala. 2004). Armstrong testified that Denson groped her at work, and that she considered this touching to be unwelcome. Although there is contradictory evidence in the record, on summary judgment we will not make credibility determinations. Accordingly, Armstrong has created an issue of material fact as to whether Denson committed assault-and-battery.

---

[2] For the same reasons, we conclude that the plaintiffs have failed to establish that Standard Furniture is liable for negligent supervision or retention.

However, for the same reasons discussed with respect to invasion of privacy, we conclude that there is no basis for holding Standard Furniture liable for Denson's conduct. Armstrong failed to report Denson's conduct, and Standard Furniture had no other notice. Accordingly, we affirm the grant of summary judgment to Standard Furniture on Armstrong's claim for assault-and-battery.

Therefore, Armstrong and Sims may proceed with their invasion of privacy claims against Denson personally. Armstrong also may proceed with her assault-and-battery claim against Denson personally. The district court's summary judgment order is affirmed as to all other claims. For the foregoing reasons, the district court's order is

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**[3]

---

[3]Appellants' request for oral argument is denied.